## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JASON JAMES SWINNEY,

      PLAINTIFF

  -vs-                           Case No.

                                 HON.

COUNTY OF ALLEGAN,
a municipal corporation,
CITY OF PLAINWELL,
a municipal corporation,
And CITY OF OTSEGO,
a municipal corporation,
ALLEGAN COUNTY SHERIFF'S DEPUTY W. GREENE,
PLAINWELL DEPARTMENT OF PUBLIC SAFETY
OFFICER ERIC LUTHY,
OTSEGO POLICE DEPARTMENT OFFICER GUDITH,
Individually, and in their official capacities,
Jointly and Severally,

          Defendants                  JURY TRIAL DEMANDED

**MARCEL S. BENAVIDES, P 69562**
Attorney for PLAINTIFF
801 W. Eleven Mile Road, Ste. 130
Royal Oak, MI 48067
Tel: (248) 549-8555
Fax: (248) 256-1592
Email: benavideslaw@att.net

1

## COMPLAINT AND JURY DEMAND

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this complaint pending in this court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge.

**NOW COMES** the PLAINTIFF, **JASON JAMES SWINNEY**, by and through his attorney, MARCEL S. BENAVIDES, and for his complaint individually against County of Allegan ("DEFENDANT COUNTY OF ALLEGAN"), CITY of PLAINWELL ("DEFENDANT CITY OF PLAINWELL"), and City of Otsego ("DEFENDANT CITY OF OTSEGO"), Allegan County Sheriff's Office Deputy W. GREENE ("DEFENDANT OFFICER GREENE"), Plainwell Public Safety Department Officer ERIC LUTHY ("DEFENDANT OFFICER LUTHY"), and Otsego Police Department Officer GUDITH ("DEFENDANT OFFICER GUDITH"), all law enforcement officers collectively referred to as ("DEFENDANT OFFICERS"), and state as follows:

### JURISDICTION & VENUE

1.      This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of PLAINTIFF's rights as secured by the United States Constitution.

2

2.      This Court has jurisdiction of the action pursuant to 28 U.S.C.

§§ 1331, 1343, and 1367.

3.      Venue is proper under 28 U.S.C. § 1391 (b) as the events giving

rise to the claims asserted in this complaint occurred within this District.

**PARTIES**

4.      PLAINTIFF is a resident of the County of Allegan, State of

Michigan.

5.      DEFENDANT OFFICER GREENE was at all relevant times, a

police officer, and/or agent, and/or employed by DEFENDANT COUNTY

OF ALLEGAN, acting under color of law and within the scope of his

employment.

6.      DEFENDANT OFFICER LUTHY was at all relevant times, a

police officer, and/or agent, and/or employed by DEFENDANT CITY OF

PLAINWELL, acting under color of law and within the scope of his

employment.

7.      DEFENDANT OFFICER GUDITH was at all relevant times, a

police officer, and/or agent, and/or employed by DEFENDANT CITY OF

OTSEGO, acting under color of law and within the scope of his

employment.

8.     That DEFENDANT COUNTY OF ALLEGAN is a municipal corporation located in the County of Allegan, State of Michigan.

9.     That DEFENDANT CITY OF PLAINWELL is a municipal corporation located in the County of Allegan, State of Michigan.

10.    That DEFENDANT CITY OF OTSEGO is a municipal corporation located in the County of Allegan, State of Michigan.

11.    That DEFENDANT COUNTY OF ALLEGAN, DEFENDANT CITY OF PLAINWELL, and DEFENDANT CITY OF OTSEGO are liable under state and/or federal law for all injuries proximately caused by the intentional, willful and wanton, reckless, deliberately indifferent, grossly negligent and/or negligent acts and/or omissions committed pursuant to customs, policies, usage and/or practices which deprive citizens of their rights, privileges and/or immunities secured by the Constitutions and laws of the United States and/or of the State of Michigan.

## FACTS

12.    On or about June 7, 2018 around the time of midnight, Jason James Swinney was stopped in the Pine Crest Mobile Villa in Plainwell, Michigan by DEFENDANT OFFICER LUTHY.

13. PLAINTIFF was riding his bike when DEFENDANT OFFICER LUTHY, who was on foot, shouted to the PLAINTIFF, "Hey, come here!" PLAINTIFF complied with this demand.

14. PLAINTIFF questioned DEFENDANT OFFICER LUTHY as to why he was being detained as he did nothing wrong or against the law.

15. During this conversation, DEFENDANT OFFICER GUDITH rode his bike up to PLAINTIFF and joined the conversation.

16. At some point, DEFENDANT OFFICER LUTHY and DEFENDANT OFFICER GUDITH told PLAINTIFF he was being investigated for an assault that occurred across from where PLAINTIFF and DEFENDANT OFFICERS were speaking.

17. PLAINTIFF stated that the DEFENDANT OFFICER LUTHY and DEFENDANT OFFICER GUDITH had the wrong person, as DEFENDANT OFFICER GUDITH had observed PLAINTIFF coming out of a different home on a separate street before the conversation.

18. DEFENDANT OFFICER GREENE then pulled up in his police vehicle. PLAINTIFF again repeated that he had not committed any crime and asked again whether he was being detained. PLAINTIFF was then informed that he was being stopped because he was breaking the law by riding his bicycle without any reflective lights.

5

19.     PLAINTIFF stated that he would like to speak to a sheriff because he felt as if his rights were being violated. DEFENDANT OFFICER GREENE stated that he was a sheriff and then PLAINTIFF stated he wanted to speak to DEFENDANT OFFICER GREENE'S supervisor.

20.     As this point, the DEFENDANT OFFICERS' frustration and anger grew due to PLAINTIFF'S questioning about his unlawful detainment.

21.     DEFENDANT OFFICER LUTHY and DEFENDANT OFFICER GUDITH each grabbed one of PLAINTIFF'S arms, and violently torqued them behind PLAINTIFF. PLAINTIFF yelled in pain and yelled for help when this happened.

22.     DEFENDANT OFFICER LUTHY and DEFENDANT OFFICER GUDITH forcefully shoved the PLAINTIFF over and aggressively thrust his arms up into the air. PLAINTIFF told DEFENDANT OFFICERS they were hurting him and he continued to yell for help.

23.     DEFENDANT OFFICERS told PLAINTIFF to "Shut up." When PLAINTIFF continued to yell for help and that he was in pain, DEFENDANT OFFICER GREENE shouted, "I said shut the fuck up."

24.     At this point, DEFENDANT OFFICER GREENE drew his arm back and forcefully struck the back of PLAINTIFF'S right upper-arm with

6

his own forearm while DEFENDANT OFFICER LUTHY and DEFENDANT OFFICER GUDITH were still holding PLAINTIFF'S arms. During the use of the excessive and unnecessary violent force, DEFENDANT OFFICER GREENE gratuitously hammered PLAINTIFF's right upper arm and elbow with the blow.

25.    This caused PLAINTIFF'S arm to bend in an unnatural way and a loud crack was heard as PLAINTIFF'S right arm fractured and broke above his elbow.

26.    DEFENDANT OFFICERS let go of PLAINTIFF as they heard the snap of bone. PLAINTIFF fell to the ground and cried out in pain. PLAINTIFF'S arm was bending at a completely irregular angle as he was laying on the ground.

27.    DEFENDANT OFFICER GREENE then sat down on top of PLAINTIFF and forcefully grabbed PLAINTIFF'S broken arm in an attempt to handcuff him. PLAINTIFF screamed continuously because of the extreme pain he felt. DEFENDANT OFFICER GREENE continued to twist PLAINTIFF'S broken arm sadistically, as he contorted PLAINTIFF'S broken arm. DEFENDANT OFFICER GREENE eventually handcuffed PLAINTIFF'S left arm to his belt loop.

28. DEFENDANT OFFICER GREENE then sneered at PLAINTIFF that he should drink more milk.

29. At this time, DEFENDANT OFFICERS walked away from PLAINTIFF and were conversing quietly. PLAINTIFF could not hear what was being said but shortly thereafter, PLAINTIFF heard DEFENDANT OFFICERS call for an ambulance.

30. Due to the unlawful beating by DEFENDANT OFFICERS, PLAINTIFF experienced significant pain and injury to his body including but not limited to his right arm which ultimately required surgery to have numerous screws, metal plates, a metal bracket, and a pin placed into his arm.

31. PLAINTIFF's humerus bone was broken, and he sustained severe damage in his upper arm and elbow from the DEFENDANT OFFICERS' unnecessary use of force. Since the unlawful beating, PLAINTIFF has experienced great pain and permanent disfiguration to his arm as a result of the major surgery he underwent from the unlawful beating.

32. During the course of all of PLAINTIFF'S interactions with DEFENDANT OFFICERS, PLAINTIFF was not resisting, opposing or committing any type of assault and/or battery upon DEFENDANT OFFICERS.

33.    At no point did PLAINTIFF assault, batter, resist, oppose, or not follow any command of any law enforcement officer.

34.    DEFENDANT OFFICERS used excessive force on PLAINTIFF.

35.    PLAINTIFF suffered and continues to suffer severe physical pain and mental distress from the physical trauma due to the excessive force.

## COUNT I: §1983 EXCESSIVE FORCE

36.    PLAINTIFF hereby realleges and incorporates by reference all of the above stated paragraphs as if fully restated here.

37.    As more fully described in the preceding paragraphs, the intentional conduct of DEFENDANT OFFICERS was objectively unreasonable and constituted excessive force in violation of the Fourth Amendment to the United States Constitution.

38.    Upon information and belief, DEFENDANT OFFICERS were aware of the misconduct of their fellow officer(s) with respect to PLAINTIFF, had a reasonable opportunity to intervene to prevent it, but failed to do so.

39.    DEFENDANT OFFICER LUTHY had a duty to intervene when witnessing PLAINTIFF being unlawfully assaulted by DEFENDANT OFFICER GREENE and GUDITH. DEFENDANT OFFICER LUTHY

9

either partook in the unlawful assault and/or failed to intervene in order to protect Plaintiff from the violation of his civil rights.

40. DEFENDANT OFFICER GUDITH had a duty to intervene when witnessing Plaintiff being unlawfully assaulted by DEFENDANT OFFICER GREENE AND LUTHY. DEFENDANT OFFICER GUDITH either partook in the unlawful assault and/or failed to intervene in order to protect Plaintiff from the violation of his civil rights.

41. DEFENDANT OFFICER GREENE had a duty to intervene when witnessing Plaintiff being unlawfully assaulted by DEFENDANT OFFICER LUTHY AND GUDITH. DEFENDANT OFFICER GREENE either partook in the unlawful assault and/or failed to intervene in order to protect Plaintiff from the violation of his civil rights.

42. As a direct and proximate result of DEFENDANT OFFICER'S use of excessive force, PLAINTIFF suffered injuries and damages not limited to physical injuries about his body, as well as emotional injuries, all past, present and future as well as loss of enjoyment of life, humiliation, degradation as described in preceding paragraphs and which will be proven at trial.

WHEREFORE, PLAINTIFF prays for judgment against Defendant in his individual capacity, in whatever amount the PLAINTIFF is found to be

entitled, in excess of Seventy Five Thousand ($75,000.00) Dollars, per Defendant, and to award costs, interest, attorney fees, as well as substantial punitive and exemplary damages, together with such other relief that this Honorable Court deems just.

## COUNT II: STATE LAW ASSAULT AND BATTERY

43.    PLAINTIFF re-alleges all of the preceding paragraphs and incorporates them into this count.

44.    DEFENDANT OFFICERS, while acting within the scope of their employment, did threaten and/or cause PLAINTIFF to be threatened with involuntary, unnecessary, and excessive physical contact, namely the touching of PLAINTIFF and/or threatening of harm to PLAINTIFF as described above and said acts constituting assault and battery upon his person.

45.    Said physical contact and/or threat of contact was unnecessary and excessive; furthermore, said physical contact on PLAINTIFF was without legal justification.

46.    As a direct and proximate result of DEFENDANT OFFICERS' aforementioned assault and/or battery upon PLAINTIFF and/or the failure to stop the unnecessary threat and/or use of force, PLAINTIFF suffered pain and injuries not limited to emotional injuries, all past, present and future as

well as loss of enjoyment of life, humiliation, degradation as described in preceding paragraphs and which will be proven at trial.

WHEREFORE, PLAINTIFF prays for judgment against Defendants, and each of them, in their individual capacities, in whatever amount the PLAINTIFF is found to be entitled, in excess of Seventy Five Thousand ($75,000.00) Dollars, per Defendant, and to award costs, interest, attorney fees, as well as substantial punitive and exemplary damages, together with such other relief that this Honorable Court deems just.

## COUNT III: §1983 MUNICIPAL/SUPERVISORY LIABILITY

47.     PLAINTIFF hereby alleges and incorporates by reference paragraphs as stated above as if fully restated here.

48.     DEFENDANT COUNTY OF ALLEGAN, DEFENDANT CITY OF OTSEGO, and DEFENDANT CITY OF PLAINWELL acted recklessly and/or with deliberate indifference when it practiced and/or permitted customs, policies, and/or practices that resulted in Constitutional violations to PLAINTIFF.

49.     These customs, policies, and/or practices included but were not limited to the following:

12

a.      Failed to supervise officers to prevent violations of citizens' Constitutional rights;

b.      Failed to adequately train and/or supervise officers regarding the proper use of force;

c.      Failed to adequately train and/or supervise officers regarding legal search and/or seizures;

d.      Failed to control and/or discipline officers known to harass, intimidate, and/or abuse citizens;

e.      Failed to supervise, review, and/or discipline officers whom they knew or should have known were violating or were prone to violate citizens' Constitutional rights, thereby permitting and/or encouraging officers to engage in such conduct;

f.      Failed to require compliance of officers and/or employees with established policies and/or procedures and/or rules and discipline or reprimand officers who violate these established policies;

g.      Failed to adequately train and/or supervise officers regarding providing proper medical care to protect detainees and/or arrestees.

h.      Failed to adequately train and/or supervise officers in providing medical attention to pretrial detainees who suffer from a serious medical need.

50.     PLAINTIFF's injuries in this case were proximately caused by policies and practices of DEFENDANT COUNTY OF ALLEGAN, DEFENDANT CITY OF OTSEGO, and DEFENDANT CITY OF PLAINWELL, which by its deliberate indifference, allows its police officers to violate the constitutional rights of citizens without fear of any meaningful investigation or punishment.  In this way, DEFENDANT COUNTY OF ALLEGAN, DEFENDANT CITY OF OTSEGO, and DEFENDANT CITY OF PLAINWELL violated PLAINTIFF'S rights since it created the opportunity for the individually named DEFENDANT OFFICERS to commit the foregoing constitutional violations.

51.     The misconduct described in preceding paragraphs has become a widespread practice, and so well settled as to constitute *de facto* policy in the DEFENDANT COUNTY OF ALLEGAN'S, DEFENDANT CITY OF OTSEGO'S, and DEFENDANT CITY OF PLAINWELL'S police department.  This policy was able to exist and thrive because governmental policymakers have exhibited deliberate indifference to the problem, thereby ratifying it.

52.     The widespread practice described in preceding paragraphs was allowed to flourish because DEFENDANT COUNTY OF ALLEGAN, DEFENDANT CITY OF OTSEGO, and DEFENDANT CITY OF

PLAINWELL and has declined to implement sufficient hiring, training and/or and legitimate and/or effective mechanisms for oversight and/or punishment of police officer misconduct.

53.     The policies and practices of DEFENDANT COUNTY OF ALLEGAN, DEFENDANT CITY OF OTSEGO, and DEFENDANT CITY OF PLAINWELL directly and proximately led to the injuries PLAINTIFF suffered at the hands of DEFENDANT OFFICERS.

54.     As a direct and proximate result of said Constitutional violations, PLAINTIFF suffered loss of freedom, mental anguish, pain and suffering, loss of enjoyment of life, humiliation, degradation and emotional injuries, all past, present and future.

WHEREFORE, PLAINTIFF prays for judgment against DEFENDANT COUNTY OF ALLEGAN, DEFENDANT CITY OF OTSEGO, and DEFENDANT CITY OF PLAINWELL in whatever amount the PLAINTIFF is found to be entitled, in excess of Seventy Five Thousand ($75,000.00) Dollars, and to award costs, interest, attorney fees, as well as substantial punitive and exemplary damages, together with such other relief that this Honorable Court deems just.

15

Respectfully submitted,


By:


/s/ Marcel S. Benavides
Marcel S. Benavides, P 69562
801 W. Eleven Mile Rd., Ste. 130
Royal Oak, MI 48067
248.549.8555
benavideslaw@att.net

Dated: December 18, 2019

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JASON JAMES SWINNEY,

      PLAINTIFF

  -vs-                                Case No.

                                        HON.

COUNTY OF ALLEGAN,
a municipal corporation,
CITY OF PLAINWELL,
a municipal corporation,
And CITY OF OTSEGO,
a municipal corporation,
ALLEGAN COUNTY SHERIFF'S DEPUTY W. GREENE,
PLAINWELL DEPARTMENT OF PUBLIC SAFETY
OFFICER ERIC LUTHY,
OTSEGO POLICE DEPARTMENT OFFICER GUDITH,
Individually, and in their official capacities,
Jointly and Severally,

               Defendants                 JURY TRIAL DEMANDED

**MARCEL S. BENAVIDES, P 69562**
Attorney for PLAINTIFF
801 W. Eleven Mile Road, Ste. 130
Royal Oak, MI 48067
Tel: (248) 549-8555
Fax: (248) 256-1592
Email: benavideslaw@att.net

## PLAINTIFF DEMANDS A TRIAL BY JURY

    **NOW COMES** the PLAINTIFF, JASON JAMES SWINNEY, by and

through his attorney, MARCEL S. BENAVIDES, and demands a trial by

jury in this matter.

 

                                  Respectfully submitted,


                                  By:


                                  /s/ Marcel S. Benavides
                                  Marcel S. Benavides, P 69562
                                  801 W. Eleven Mile Rd., Ste. 130
                                  Royal Oak, MI 48067
                                  248.549.8555
                                  benavideslaw@att.net

Dated: December 18, 2019